## Third Department, June, 1946.
### (June 26, 1946.)

Clark Rowe, Appellant, v. Jerry C. Van Denburg et al., Respondents.

Judgment and order affirmed, with costs.

Foster, J. (dissenting). This is an action upon two promissory notes given by the defendants for the purchase price of twenty-nine milch cows purchased from the plaintiff in May and June, 1944. The defendants admitted the execution and delivery of the notes and that, at the time of the trial, the amount unpaid thereon was $5,181.82. The defendants however interposed a counterclaim for breach of warranty in the sale and purchase of the cows, and on this counterclaim the jury allowed them the sum of $800, and awarded a verdict to the plaintiff for the sum of $4,381.82. Plaintiff appeals from the judgment entered on the verdict of the jury and from an order denying his motion to set aside the verdict of the jury and for a new trial.

Nineteen of the cows were purchased in May, 1944, and ten in June of the same year. The defendant, Jerry Van Denburg, was the active defendant in the purchase of the cows. He testified that prior to the May purchase the plaintiff made these representations as to the condition of the cows. " He told me the former owner of these cows and said they were a very good herd. He said he hadn't had any trouble with them in any way. Said they were free of disease. Clean. Sound. * * * He said, ' they will make a good herd for that farm and I will guarantee them that way.' " He also testified that the same representations were made as to the June purchase of ten cows. The plaintiff denied that he made the representations as claimed by the defendants.

Subsequently eleven of the cows developed symptoms of Bang's disease. The proof indicates that this disease is caused by an organism called bacillus abortus. In a pregnant cow it causes an inflammation of the placenta which in turn causes the calf to die and be aborted. There was proof produced

---

* Publication directions received too late for insertion in proper place.—[Rep.

by the defendants from which the jury might find that at the time of the sale and delivery of the cows several of them were infected with Bang's disease. Apparently the defendant sold the infected cows, or reactors as they were called, for beef cattle and the jury allowed them substantially the difference between their value for that purpose and their value if they had been sound and free from any disease.

The representations, if made as claimed and the jury might so find, amounted to an express warranty. " Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon." (Personal Property Law, § 93.) It is elementary, however, that in order to entitle a plaintiff to recover in an action for breach of an express warranty it must be established that the warranty was relied on (*Crocker-Wheeler Co.* v. *Johns-Pratt Co.*, 29 App. Div. 300, affd. 164 N. Y. 593).

In this case we think the defendants failed to establish the element of reliance. The defendant, Jerry Van Denburg, who was the active purchaser, had lived on a farm and was generally familiar with cows. At one time he was a supervisor of a Dairy Herd Improvement Association, and employed as a milk tester. He admitted that he knew the only method of determining the existence of Bang's disease, unless an abortion had actually taken place, was a blood test. He also admitted that the plaintiff never told him that the cattle had been blood-tested and he did not buy them for blood-tested cows. There is considerable proof in the record that among farmers and cattle dealers the terms " sound and free from disease " mean only those defects that may be discovered upon an ordinary physical examination. We think the weight of the testimony confirms this proof because it is undisputed that a disease such as Bang's disease cannot be discovered by any ordinary physical examination, and can only be ascertained from a blood test conducted by a veterinarian. Moreover as late as the last of February or the first of March, 1945, the defendant Jerry Van Denburg, admitted that he intended to pay the notes held by the plaintiff from the proceeds of a mortgage which he proposed to cash and from the sale of some lake property which he owned. And he had this intention, according to his own admission, although prior to that time at least six of the cows had aborted and he had knowledge that they were infected with Bang's disease. This would not indicate that he relied upon any representations insofar as this disease was concerned.

Under the circumstances the proof was not sufficient to sustain a finding that the defendants relied upon the warranty as claimed that the cows sold were free from Bang's disease, and the verdict of the jury in that regard is against the weight of evidence. The verdict should be set aside and a new trial directed, with costs to abide the event.

Hill, P. J., Brewster and Lawrence, JJ., concur in decision; Foster, J., dissents in opinion in which Heffernan, J., concurs.

Judgment and order affirmed, with costs.